UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                                           :
THOMAS MURRAY,                                             :
                                                           :
                                                           :
                          Plaintiff,                       :
                                                           :         05 Civ. 9831 (CSH)
         -against-                                         :
                                                           :
                                                           :         MEMORANDUM OPINION
                                                           :         AND ORDER
                                                           :
THE CITY OF NEW YORK, ISLAND TOWING                        :
& SALVAGE, INC. and ROBERT HENRY,                          :
in personam, and TUG RACHEL MARIE, her                     :
engines, tackle, gear and appurtenances, in rem,           :
                                                           :
                          Defendants.                      :
                                                           :         3-7-06
-----------------------------------------------------------x

HAIGHT, Senior District Judge:

     At the request of counsel for the plaintiff contained in a letter dated February 24, 2006, the Court held a telephone conference in this maritime case on March 6. Counsel participating represented plaintiff; defendant The City of New York ("City"); and defendant Island Towing & Salvage, Inc. ("Island"). Given the procedural circumstances described below, no counsel was present to participate on behalf of defendant Robert Henry or the *in rem* defendant, the tug RACHEL MARIE. At the pertinent times the RACHEL MARIE was owned and operated by Island. Robert Henry is alleged to be the president or principal officer of Island.

     According to the complaint and the further statements of plaintiff's counsel during the conference, on November 23, 2002 plaintiff Thomas Murray was a serving officer with the New York City Police Department ("NYPD") and a member of the crew of an NYPD and City-owned

vessel, the LAUNCH 37, which was assigned to navigate the waters of New York harbor and, *inter alia*, respond to calls for assistance.

The LAUNCH 37 received such a call on the date indicated from those on board the RACHEL MARIE, who stated that the tug was in distress, taking on water, and in danger of sinking in Gravesend Bay. The launch proceeded to the RACHEL MARIE's position, as did other vessels. Murray boarded the tug to render assistance. While on board the RACHEL MARIE, Murray allegedly sustained severe and permanent injuries. He brings this action to recover for them. Specifically, Murray sues the City under the Jones Act and the general maritime law. He sues Island and Henry *in personam* and the RACHEL MARIE *in rem* under the general maritime law. The complaint was filed on November 21, 2005.

The efforts of plaintiff's counsel to effect service of process on all these defendants have resulted in appearances of counsel on behalf of the City and Island. Counsel for Island stated during the conference that they were instructed by that company's P&I insurance company. Counsel have no present instructions to appear for Henry. Counsel for plaintiff have not yet been able to effect service upon Henry; nor have counsel taken the steps to serve the RACHEL MARIE *in rem*, which requires possessory action by a United States marshal for this district or some "other person or organization having a warrant," Rule E(4) of the Supplemental Rules for Admiralty and Maritime Claims.

In these circumstances, counsel for plaintiff applied to the Court in their February 24, 2006 letter for an order pursuant to Fed.R.Civ.P. 4(m) extending the time for service of the summons and complaint upon Robert Henry. That application is granted. Plaintiff's time within which to effect service upon Henry is extended to and including May 8, 2006. Although not

specifically prayed for, the Court also extends to and including May 8, 2006 plaintiff's time within which to effect service upon the tug RACHEL MARIE *in rem*.

While the Court is not in a position to enter an order on the point, the apparent presence of an insurance company in the case, protecting the interests of Island and retaining counsel for that purpose, prompts me to suggest that an agreement could perhaps be negotiated which would obviate the need for serving Henry or arresting the RACHEL MARIE and result in appearances of counsel on their behalf. Such understandings and undertakings are frequently given in the admiralty practice, and have the advantage of minimizing expense and inconvenience while preserving the claims and defenses of all parties concerned.

Counsel for the parties are directed to advise the Court of developments by letter, with copies to each other, as they occur. In any event, all counsel of record are directed to advise the Court of the status of the case by letter not later than May 8, 2006.

Lastly, the applications on January 26, 2006 by Joseph S. Stacey, Esq. And James P. Jacobsen, Esq. for admission to the Bar of this Court *pro hac vice* as counsel for plaintiff are in proper form and the Court grants the applications by a separate endorsement dated on this day.

It is SO ORDERED.

Dated: New York, New York
March 6, 2006

CHARLES S. HAIGHT, JR.
UNITED STATES SENIOR DISTRICT JUDGE